UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALBERT C. BURGESS, JR.,

    Petitioner,

v.

DAN SPROUL

    Respondent.

Case No. 20-cv-1349-JPG

**MEMORANDUM AND ORDER**

### I.  Introduction

This matter comes before the Court on petitioner Albert C. Burgess, Jr.'s ("Petitioner" or "Burgess") *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) against Respondent Dan Sproul ("Respondent" or "Sproul") [1]. Petitioner is incarcerated in U.S. Penitentiary in Marion, Illinois, ("USP Marion"). Petitioner is currently challenging disciplinary actions taken against him finding that he violated prison rules against fighting while incarcerated at Federal Correction Institution in Butner, North Carolina ("FCI Butner"). The petitioner is challenging the execution of his sentence on the grounds that the Bureau of Prisons ("BOP") improperly denied good-time credits and conducted unfair disciplinary proceedings.

Burgess has not exhausted his administrative remedies, as the Court requires for § 2241 petitions. As explained below, the Court will dismiss Burgess's petition without prejudice.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), on June 1, 2021, the Court substituted Dan Sproul, current Warden of UISP Marion as Respondent, and terminated M.D. Carabajal and the United States.

II.   **Background**

Burgess is currently serving a 292-month sentence, followed by a life supervision imposed by the U.S. District Court for the Western District of North Carolina for possessing materials involving the sexual exploitation of minors and knowingly receiving materials depicting a minor in engaging in sexually explicit conduct.

He is currently housed at USP Marion with an expected release date of June 20, 2029. *See* https://www.bop.gov/inmateloc/ (visited April 8, 2022). On August 6, 2018, BOP staff received information that inmates Mark Resnick and Burgess engaged in a fight on the previous day at approximately 9:30 a.m. (Doc. 12 at 2). Lt. M. Eaton issued an Administrative Detention Order placing Burgess in administrative detention due to pending investigation by Special Investigation Services ("SIS"). *Id*. Burgess was moved to administrative detention, segregation, at 5:45 p.m.

The staff conducted an investigation where Resnick stated he spit on Burgess after Burgess called him a "dirty Jew" several times. *Id*. Resnick claimed he fell and hit his face on a locker and Burgess approached him and slapped him with an open hand. *Id*. Burgess alleged he called him "Cho Mo" and hit him over the head with empty laundry bag but laughed when Resnik said to leave him alone. Burgess denied touching Resnick. Per medical assessments, Resnick had a bruise on his left eye and right forearm and Burgess did not appear to have injuries. *Id*.

 On August 16, 2018, Lt. Tina Ritchie with SIS prepared the incident report charging Burgess with violations of Code 201, Fighting with Another Person. A hearing was conducted before the Unit Disciplinary Committee ("UDC") on August 20, 2018, at 6:30 p.m. The UDC referred the matter to the Disciplinary Hearing Officer ("DHO") and determined Burgess should

2

remain in special housing unit for administrative segregation. Burgess was given a document listing his inmate rights for the upcoming hearing.

On August 28, 2018, DHO Chris Metzger conducted an Institution Discipline Hearing for the incident. DHO Metzger advised Burgess of his rights, offered him a staff representative and told Burgess he could request witnesses. Burgess did not present witnesses but requested a staff representative, which he received. At the hearing Burgess explained he told a third inmate that it was Resnick's turn to clean up and Resnick did not like that. Burgess admitted he called Resnick a "dirty Jew" and claimed Resnick spit in his face and attacked him.

DHO Metzger found Burgess committed the act of fighting in violation of Code 201 by engaging in a "hostile physical encounter with another inmate." That decision was based on the following types of evidence: Incident Report, SIS investigation detailing facts during the initial lieutenant's probe of the incident, the injury assessments showing minor injuries of Resnick, Burgess's admission he had an altercation with Resnick, and Burgess's refusal to make a statement or present a defense during the SIS investigation.

Burgess was released from Administrative Detention on October 9, 2018. The DHO report was issued on November 21, 2018. The DHO disallowed 27 days of Burgess's good-time-credit and imposed 15 days of disciplinary segregation. Burgess then transferred institutions to USP Marion on November 5, 2018.

Burgess appealed the disciplinary action to the BOP Mid-Atlantic Regional Office, which received the appeal on December 12, 2018. The Mid-Atlantic Regional Office rejected the appeal on December 18 because it was filed "at the wrong level and instructed Burgess to refile his appeal" with the appropriate office following his transfer to USP Marion – the North Central Regional Office. The North Central Regional Office received an appeal on January 10, 2019, and

rejected the request on February 13, 2019. On March 26, 2019, Burgess appealed to the National Appeals Administrator in Washington, DC. The National Appeals rejected his appeal because he did not utilize the proper BP-11 form and was instructed he could resubmit the appeal within 15 days of the rejection notice. Burgess never resubmitted his appeal. On September 25, 2020, he filed the petition at issue (Doc. 1).

### III.     Analysis

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition, *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). An inmate can properly address good time credits and fairness of disciplinary proceedings in a federal habeas. *See Wolff v. McDonnell*, 418 U.S. 539, 558, 566 (1974).

#### A. Exhaustion of Administrative Remedies

Generally, before an inmate can file a § 2241 petition, he must exhaust the BOP administrative remedy procedures. *Walker*, 917 F.3d at 994; *see McCarthy v. Madigan,* 503 U.S. 140, 144 (1992). Although there is no express exhaustion requirement in § 2241, with few exceptions, courts generally require it. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"); 28 C.F.R. § 542.10 *et seq*. (describing the BOP's administrative remedy process). However, the Court may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot

resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (internal quotations omitted).

The administrative appeal procedure is as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Valid reasons for delay include those situations described in § 542.14(b) of this part. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15. Here, it looks like Burgess satisfied most of the requirements to appeal his denial of good-time credits and disciplinary proceedings. He completed the BP-10 stage of the remedy process and attempted to submit the BP-11 form. That form was rejected because Burgess failed to use the proper BP-11 form. He was given the correct form and an additional 15 days to submit the BP-11 form to the General Counsel. He failed to do so before filing this petition.[2] Burgess states that his appeal to "BOP National HQ" was "dismissed by the BOP under standard Operating Procedure." (Doc. 1 at 3). Respondent states that Burgess was instructed to "always use pink BP-11 form for Central Office Appeals" and was told he could resubmit his appeal in the proper form within 15 days." (Doc. 12 at Exhibit 2). Unfortunately, while the Court notes that Burgess made efforts to exhaust his remedies, he failed to *fully* exhaust those remedies before filing in this Court.

Burgess has not responded to Respondent's argument that he failed to fully exhaust and

---

[2] The Court notes that Respondent's Response did not attach the letter that it sent to Burgess that BOP rejected his appeal to the Central Office and instructed him to resubmit within 15 days. Additionally, the screenshot of the computer screen indicates that the only remarks given were that "ALWAYS USE PINK BP-11 FORM FOR CENTRAL OFFICE APPEALS." (Doc. 12, Exhibit 1 – Attachment L).

5

has not provided a reason for failure to exhaust. He indicates in his petition that he took all the steps to exhaust his appeals but makes no mention of a request to resubmit his form to the General Counsel. (Doc. 1 at 2-3). Absent a response from Burgess that he indeed fully exhausted or that he fits one of the exceptions such that the Court can excuse his failure to exhaust, the Court must dismiss Burgess's petition at this time.

### B.      Fairness of Disciplinary Action

Burgess argues the BOP's disciplinary proceeding was unfair. Specifically, the petition argues the BOP denied him information about witnesses who testified against him in the hearing, turned the hearing into a "religious persecution," and imposed a harsher sentence to Burgess than to Resnick. Additionally, Burgess alleges he was in solitary confinement for 63 days, much longer than the 15-day period of disciplinary segregation.[3]

In light of the Court's decision to dismiss Burgess's petition for failure to exhaust administrative remedies, the Court need not address the fairness of the disciplinary action proceeding at this time.

---

[3] The Court is unclear the distinction between disciplinary segregation, which was part of Burgess's sentence as part of the DHO report, and administrative detention, where he spent 64 days as a result of Lt. Eaton's order after August 6, 2018. Respondent claims that Burgess "never served a single day in disciplinary detention as ordered in DHO report" yet, as a result of the incident Lt. Eaton placed him in administrative detention from August 6, 2018 (the date o the fight at issue) until October 9, 2018. If the Court is unclear how this is not punishment from the incident, the Court can see how Burgess was similarly unclear. However, the Court makes no further determination on this issue in light of dismissing Petitioner's Complaint, without prejudice, for failure to exhaust his administrative remedies.

### III. Conclusion

For the foregoing reasons, the Court:

- **DISMISSES** Burgess's § 2241 petition **without prejudice** for failure to exhaust administrative remedies (Doc. 1);

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  April 22, 2022**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
