UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALBERT C. BURGESS, JR.,

    Petitioner,

v.

DAN SPROUL                                                                                      Case No. 20-cv-1349-JPG

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Albert C. Burgess, Jr.'s Motion for Reconsideration and Sanctions.

Motions for reconsideration under Rule 54(b) generally "serve the limited function of correcting manifest errors of law or fact." *Slick v. Portfolio Recovery Assocs., LLC*, 111 F. Supp. 3d 900, 902 (N.D. Ill. 2015) (internal quotation marks and citation omitted). Manifest error occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks and citation omitted).  Additionally, "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A party may also use a motion for reconsideration to alert the court to "a significant change in the law or facts." *Janusz v. City of Chicago*, 78 F. Supp. 3d 782, 787 (N.D. Ill. 2015), aff'd, 832 F.3d 770 (7th Cir. 2016) (citing *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to

'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese*, 383 F.Supp.2d 1041, 1045 (N.D.Ill. 2005). "Indeed, the court's orders are not mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *United States Securities and Exch. Comm'n v. Nat'l Presto Indus., Inc.*, 2004 WL 1093390, at *2 (N.D. Ill. 2004) (internal quotations omitted).

Petitioner states he was not given the correct form from respondents. However, Respondent states that he was given an additional 15 days to resubmit the form, which he did not do so and instead filed directly into this Court. The Court reviewed these forms and did not and does not believe the Bureau of Prisons manipulated this Court. Petitioner states that Respondent did not show prejudice in not exhausting remedies. However, prejudice is not required to be shown. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

The Court does not find Petitioner has alerted this Court to new facts or new circumstances. The Court does not find any manifest error, and therefore will not grant sanctions against Respondent. The Court **DENIES** Petitioner's Motion for Reconsideration and Sanctions (Doc. 17).

**IT IS SO ORDERED.**
**DATED:  July 8, 2022**

                                                          /s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**